UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-18-620 |
| JOSEPH A. ISAAC | § § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and John R. Braddock, Assistant United States Attorney, and Defendant, **Joseph A. Isaac**, and Defendant's counsel, pursuant to Rule **11(c)(1)(A) and 11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.  Defendant agrees to plead guilty to Count One of the Indictment. Count One charges Defendant with conspiracy to commit mail fraud, in violation of Title 18, United States Code, Section 371. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment or proven to a jury or judge beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 371, is a term of imprisonment of not more than five years (5) and a fine of not more than $250,000.00. If there is a pecuniary gain from the offense or if there is a pecuniary loss to someone other than the Defendant from the offense, the Defendant may be fined not more than the greater of twice the gross gain or twice the gross loss. Title 18, United States Code, Section 3571(d). Additionally, Defendant may receive a term of supervised release after imprisonment of up to three (3) years. Title 18, United States Code, Sections 3559(a)(4) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. Title 18, United States Code, Section 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00)

2

per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal

5. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Additionally, Defendant is aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or collaterally attack the conviction and the sentence imposed, or the manner in which the sentence was determined, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on

collateral review in a motion under Title 28, United States Code, Section 2255. In the event the Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he may have received from his counsel, the United States, or the Probation Office, is a prediction, not a promise, and such estimate **did not induce his guilty plea** and is binding on neither the United States, the Probation Office, nor the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United

States in this Plea Agreement.

## The United States' Agreements

8. The United States agrees to each of the following:

(a) Defendant pleads guilty to Count One of the Indictment;

(b) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment under Section 3E1.1(a) of the United States Sentencing Guidelines should Defendant accept responsibility as contemplated by the United States Sentencing Guidelines (U.S.S.G.);

(c) If Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States may move for an additional one (1) level downward adjustment based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding her role in the offense;

(d) The United States will not object to a sentence at the low end of the applicable Sentencing Guidelines;

(e) The United States will agree that there is only one victim in this case;

(f) The United States will agree that an abuse of position adjustment under the U.S.S.G. is not warranted in this case;

(g) The United States will not seek an order of forfeiture in this case; and

(h) If Defendant pleads guilty to Count One of the Indictment and persists in that plea through sentencing, and if the Court accepts this Plea Agreement, the United States will move to dismiss any remaining counts of the Indictment at the time of sentencing.

## Agreement Binding - Southern District of Texas

9. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from the conduct charged in the Indictment. The United States will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices if requested.

## United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

   (d) to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and Title 18, United States Code, § 3553(a); and

   (e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

11. Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of Title 18, United States Code, § 3553(a). Defendant nonetheless

acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court, and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

## Rights at Trial

12. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, he surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

   (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

   (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be

7

      allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

13.     Defendant is pleading guilty because he *is* guilty of the charges contained in Count One of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

      Defendant **Joseph A. Isaac** was the majority shareholder of FulFill Plus, Inc. ("FulFill") in Houston, Texas from 2010 through approximately February 2015. During that time period, FulFill administered various rebate programs for Dr Pepper Snapple Group ("DPSG"), ranging from rebates for returned bottle caps to rebates for switching to DPSG brand drinks in restaurant/convenience store soda dispensers.

      In 2014 and 2015, FulFill administered a DPSG rebate program known as 2014 Fast Start, which paid a $75.00 rebate for switching to a DPSG drink in soda dispensers. DPSG paid FulFill $125,000.00 to manage this rebate program and pay rebates. FulFill billed DPSG separately for additional expenses for the rebate program such as postage. Defendant **Isaac** and his co-defendant devised a scheme to defraud DPSG by not paying all the rebates for the 2014 Fast Start rebate program received in the mail by FulFill. The FulFill employee who handled the 2014 Fast Start rebate program was instructed by Defendant **Isaac** and his co-defendant not to pay those rebates unless the rebate holder complained about not receiving the rebate payment. It was only after a complaint and sometimes multiple complaints were received that

FulFill would mail a rebate check by the United States Postal Service to the rebate holder to mollify the rebate holder from complaining further to DPSG. Defendant **Isaac** admitted his involvement in the rebate scheme in a Skype message to his co-defendant on January 20, 2014.

In June of 2014, White Lane Shell in Bakersfield, CA mailed to FulFill its 2014 Fast Start rebate request for $75 for switching from Tropicana Fruit Punch to Diet Dr Pepper. The owner of White Lane Shell sent an email to FulFill in September 2014 after not receiving his rebate. When the rebate was not received in November of 2014, the owner then complained to his bottler representative, who then emailed FulFill about the rebate. It was only after the bottler representative contacted FulFill again in December 2014 about the rebate not being paid that a rebate check in the amount of $75 from FulFill was mailed out to White Lane Shell on or about January 21, 2015.

Defendant **Isaac** and his co-defendant sent Rebate Fund Reports for the 2014 Fast Start rebate program to DPSG, which falsely represented that rebates were being paid when they were not. On November 23, 2014, Defendant's co-defendant sent an email to DPSG with an invoice and a Rebate Fund Report through November 20, 2014. Both the invoice and Rebate Fund Report were fraudulent as the invoice charged for the mailing of rebates, which had not been sent, and the Rebate Fund Report listed numerous rebates as paid when they had not been paid. Defendant **Isaac** was aware that his co-defendant sent spreadsheets to DPSG which showed more 2014 Fast Start rebates having been paid than was the case, and he essentially admitted that in a conversation with the minority shareholder of FulFill on February 25, 2015.

DPSG suffered a loss of $1,058,445 as a result of scheme to defraud committed by Defendant **Joseph A. Isaac** and his co-defendant.

### Breach of Plea Agreement

14. If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time, Defendant retains, conceals or disposes of assets in violation of this

Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Restitution and Fines

15. This Plea Agreement is being entered into by the United States based on Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

16. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's

complete financial disclosure.

17. Defendant agrees to assist fully in the collection of restitution and fines. Defendant also agrees to direct any banks, which have custody of his assets to deliver all funds and records of such assets to the United States.

18. Defendant understands that restitution and fines are separate components of sentencing and are separate obligations.

## Restitution

19. Defendant agrees to pay full restitution to the victim(s) regardless of the count of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim incurred a monetary loss of $1,058,445. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Fines

20. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.

Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

21. This written Plea Agreement, consisting of 15 pages, including the attached addendum of Defendant and his attorney, constitutes the complete Plea Agreement between the United States, Defendant, and his counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

22. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on the _____ of _____, 2019.

_____
Joseph A. Isaac
Defendant

Subscribed and sworn to before me on the _____ of _____, 2019.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By:_____
Deputy United States District Clerk

Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

21. This written Plea Agreement, consisting of 15 pages, including the attached addendum of Defendant and his attorney, constitutes the complete Plea Agreement between the United States, Defendant, and his counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

22. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on the \_\_11\_\_ of \_\_Sept\_\_\_\_, 2019.

_____
Joseph A. Isaac
Defendant

Subscribed and sworn to before me on the \_\_11\_\_ of \_\_Sept\_\_\_\_, 2019.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK
By:_____
Deputy United States District Clerk

APPROVED:

RYAN K. PATRICK
United States Attorney

By: *John R. Braddock*
John R. Braddock
Assistant United States Attorney
Southern District of Texas
Telephone: 713-567-9728
Facsimile: 713-718-3404

Jonathan D. Landers
Attorney for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CRIMINAL NO. H-18-620 |
| | § | |
| JOSEPH A. ISAAC | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Agreement is an informed and voluntary one.

_____          _____9/11/2019_____
Attorney for Defendant                                Date

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States

14

Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand this Agreement and I voluntarily agree to its terms.

_____      9-11-19 _____
Defendant                                                                      Date