Case 4:18-cr-00620 Document 80 Filed on 01/12/22 in TXSD Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 12, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL ACTION H-18-620 |
| | § § | |
| JOSEPH A. ISAAC | § | |

# Order

Pending before the court is a motion to reduce supervised release term pursuant to 18 U.S.C. § 3583(e)(1). Dkt. 78. The court has been advised that the U.S. probation officer who is supervising the defendant's probation term is not opposed to the defendant's request. The Government, however, filed an opposition. Dkt. 79.

In its opposition, the Government clarifies that the actual statute providing the court with the authority to terminate the term of probation early is 18 U.S.C. § 3564(c). Dkt. 79. Section 3564(c) allows a court to terminate probation early after a defendant has served at least one year of probation in a felony case if the court "is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." Under this section, the court must consider the factors in 18 U.S.C. § 3553(a). § 3564(c). The court must consider, to the extent applicable,

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and

>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and sentencing range . . .;
> (5) any pertinent policy statement . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records . . .; and
> (7) the need to provide restitution to any victims of the offense.

§ 3553(a).

The defendant argues that he has learned from his mistakes, has a job in a different industry that does not facilitate re-offending, makes a good income, is at a low risk to re-offend, and does not need correctional treatment or rehabilitation. Dkt. 78. The Government argues that the court should not terminate probation early because full completion of probation is necessary for deterrence purposes. Dkt. 79. Additionally, it asserts that the defendant has not completed his restitution payments and that continued supervision would help ensure he continues to make those payments. *Id.*

After considering the relevant § 3553(a) factors, the arguments of the Government and the defendant, and the non-opposition of the probation officer, the court is of the opinion that the defendant's request should be GRANTED. Accordingly, the defendant's request that the court terminate is term of supervised release early is GRANTED, and the defendant's probation term is hereby TERMINATED.

Signed at Houston, Texas on January 12, 2022.

_____
Gray H. Miller
Senior United States District Judge